[692 NYS2d 174]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT Fox, Appellant.

Third Department, April 1, 1999

## APPEARANCES OF COUNSEL

*Gary Greenwald,* Chester, for appellant.

*Eliot Spitzer, Attorney-General,* Albany (*Nancy D. Snyder* of counsel), for respondent.

## OPINION OF THE COURT

Peters, J.

In March 1997, Frank Bifera, Acting General Counsel for the Department of Environmental Conservation (hereinafter DEC), wrote to Dennis Vacco, the then Attorney-General, requesting that his office, pursuant to Executive Law § 63 (3), investigate for possible criminal prosecution a purported trespass and theft of timber from privately owned lands designated as tax-exempt forest in Delaware County. While this request detailed the name of the Assistant Attorney-General who was familiar with the facts of the case as well as the name and phone number of the lead investigator and contact attorney at DEC, nowhere within the body of the letter, other than on the letterhead, was there any reference to John Cahill, then Acting Commissioner of DEC (hereinafter the Commissioner). Not only was the letter bereft of any representation to the effect that the Commissioner had authorized the communication, it also failed to include the Commissioner's name on the list of persons copied.

The Attorney-General's office thereafter sought and obtained an indictment against defendant and another, charging them with grand larceny in the fourth degree, criminal mischief in the second degree and trespass. After defendant failed to proffer pretrial motions, a jury trial ensued. Convicted of grand larceny in the fourth degree and sentenced to five years' probation and six months in jail, defendant appeals. He contends, for the first time, that because the provisions of Executive Law § 63 (3) were not properly activated by the DEC's referral to the Attorney-General, there existed no authority to prosecute

him[1] and, therefore, that the conviction must be reversed as a nullity.

Since "[t]he right to be prosecuted on a valid accusatory instrument is a nonwaivable jurisdictional prerequisite" (*People v Moore*, 132 AD2d 776, 777, *lv denied* 70 NY2d 802), we must disagree with the People's contention that defendant's failure to raise the issue of jurisdiction at the trial level precludes our review: "to protect the liberty of all citizens, the Legislature requires that an indictment be dismissed where the Grand Jury proceeding is defective (*see*, CPL 210.20 [1] [c]). Moreover, dismissal of the indictment is specifically compelled by statute when the integrity of the Grand Jury proceeding is impaired 'and prejudice to the defendant may result' (CPL 210.35 [5])." (*People v Huston*, 88 NY2d 400, 401-402.) Hence, the presence of an unauthorized prosecutor before a Grand Jury "mandates a finding that prejudice to the defendant is likely to result" (*People v Di Falco*, 44 NY2d 482, 485). Therefore, even if an indictment procured by one who lacks the necessary jurisdictional authority is prosecuted to verdict, the conviction, despite its support by legally sufficient evidence, cannot stand (*People v Huston, supra*, at 410).[2]

The statute at issue here clearly reveals the Legislature's intent to deliberately craft a limit to the sources from which requests for investigation and prosecution by the Attorney-General could be derived. In so addressing whether the Attorney-General's appearance before the Grand Jury was triggered by proper statutory authority, we find that the request, made and signed by the Acting General Counsel on letterhead of the Commissioner with no indication that it was being made on the Commissioner's behalf, is insufficient. Notably, the rec-

---

**1.** Executive Law § 63 provides, in relevant part, that "[t]he attorney-general shall * * * 3. Upon request of the governor, comptroller, secretary of state, commissioner of transportation, superintendent of insurance, superintendent of banks, commissioner of taxation and finance or commissioner of motor vehicles, or the head of any other department, authority, division or agency of the state, investigate the alleged commission of any indictable offense or offenses in violation of the law which the officer making the request is especially required to execute or in relation to any matters connected with such department, and to prosecute the person or persons believed to have committed the same and any crime or offense arising out of such investigation or prosecution or both, including but not limited to appearing before and presenting all such matters to a grand jury."

**2.** We note that the disqualification here addresses a disqualification in the office and not in the attorney (*cf., Matter of Haggerty v Himelein*, 89 NY2d 431, 436-437; *People v Carter*, 77 NY2d 95, 99-100, *cert denied* 499 US 967).

ord contains no information as to whether the Commissioner was even aware that an investigation had taken place or that a request for a prosecution was being made (*compare, People v Liebowitz*, 112 AD2d 383, *lv denied* 65 NY2d 928). Neither the "presumption of regularity applicable to all official acts of individuals functioning under an oath of office" (*Virag v Hynes*, 54 NY2d 437, 443), nor the Commissioner's power to appoint deputies, directors and other individuals to generally act on his behalf, will be deemed to constitute a proper foundation, without more, to justify the conduct at issue.

Hence, because this investigation was not activated " 'by the request of a proper State officer * * * pursuant to [Executive Law § 63 (3)]' " (*Matter of Mann Judd Landau v Hynes*, 49 NY2d 128, 136, quoting *People v Zara*, 44 Misc 2d 698, 701), the indictment must be dismissed. We note, however, that our determination does not necessarily foreclose prosecution of defendant. Rather, "[w]hen an indictment is dismissed because an unauthorized prosecutor presented the matter to the Grand Jury, the court may in the exercise of its discretion, transfer the matter, as distinguished from the indictment, to the appropriate District Attorney and authorize the People to seek leave to submit the charge or charges to a proper Grand Jury, if so advised (CPL 210.20, subd 4)" (*People v Di Falco*, 44 NY2d 482, 488, *supra*).

Upon this determination, defendant's remaining contentions need not be addressed. Accordingly, the indictment is dismissed and the matter remitted to County Court for further proceedings.

MIKOLL, J. P., MERCURE, CREW III and YESAWICH JR., JJ., concur.

Ordered that the judgment is reversed, on the law, indictment dismissed and matter remitted to the County Court of Delaware County for further proceedings not inconsistent with this Court's decision.