[705 NYS2d 729]

The People of the State of New York, Appellant, v Wayne R. Stuart, Respondent.

Third Department, April 6, 2000

APPEARANCES OF COUNSEL

*Eliot Spitzer, Attorney General,* New York City (*Robin A. Forshaw* of counsel), for appellant.
*Michael Breen,* Middleburg, for respondent.

### OPINION OF THE COURT

Peters, J.

On August 21, 1998, Frank Bifera, General Counsel for the Department of Environmental Conservation (hereinafter DEC), wrote to Dennis Vacco, the then Attorney General, requesting that his office investigate, pursuant to Executive Law § 63 (3), a purported theft of timber from privately owned lands. The letter, printed on official DEC stationery, indicated that the Commissioner of Environmental Conservation was among the list of persons copied on the correspondence. The Attorney General's office thereafter obtained a one-count indictment charging defendant with grand larceny in the third degree.

Defendant propounded discovery demands and, in response thereto, the People provided, *inter alia,* Bifera's letter and a copy of a document denominated "Delegation and Designation" issued by the Commissioner, which provided Bifera with authority to act on the Commissioner's behalf in certain situations. Further included was a copy of an order deputizing Bifera as General Counsel. Based upon this Court's recent decision in *People v Fox* (253 AD2d 192, *lv denied* 93 NY2d 1018), in which we held that a letter from the General Counsel of DEC was insufficient to trigger the Attorney General's authority pursuant to Executive Law § 63 (3), defendant moved to dismiss the indictment. County Court granted the motion, prompting this appeal.

The People contend that, unlike the referral made by Bifera to the Attorney General's office in *People v Fox (supra),* the instant referral sufficiently complied with Executive Law § 63 (3)* because record evidence established that the Commissioner specifically empowered Bifera to make this type of

---

* Executive Law § 63 (3) provides, in relevant part, that the Attorney General shall: "Upon request of the governor, comptroller, secretary of state, commissioner of transportation, superintendent of insurance, superintendent of banks, commissioner of taxation and finance or commissioner of motor vehicles, or the head of any other department, authority, division or agency of the state, investigate the alleged commission of any indictable offense or offenses in violation of the law which the officer making the request is especially required to execute or in relation to any matters connected with such department, and to prosecute the person or persons believed to have commit-

request and was fully aware of it by the copy of the referral sent to his office. We agree and, accordingly, reverse and reinstate the indictment.

In *People v Fox* (*supra*) we concluded that the request, made and signed by the acting General Counsel on the letterhead of the Commissioner, was insufficient since it contained no indication that it was being made on the Commissioner's behalf. With the record bereft of evidence to substantiate the acting General Counsel's authority, we found that "[n]either the 'presumption of regularity applicable to all official acts of individuals functioning under an oath of office' * * * nor the Commissioner's power to appoint deputies, directors and other individuals to generally act on his behalf, will be deemed to constitute a proper foundation, without more, to justify the conduct at issue" (*id.*, at 195, quoting *Virag v Hynes*, 54 NY2d 437, 443).

Here, the necessary foundation has been provided. The "Delegation and Designation" signed by the Commissioner clearly authorized Bifera to act on his behalf in enumerated instances including the authority to "[r]epresent [DEC] to the Governor's Counsel, Attorney General, District Attorneys * * * and such other legal offices as may be necessary, and coordinate with such offices as necessary with respect to criminal or civil enforcement." This delegation, coupled with the deputization of Bifera to sign documents which the Commissioner is authorized to sign "with the same force and effect as if signed by the Commissioner," provides proper grounding for Bifera's authority to make a referral in accordance with Executive Law § 63 (3) (*see, People v Liebowitz*, 112 AD2d 383, *lv denied* 65 NY2d 928). Acknowledging the Court of Appeals' guidance that the spirit, rather than the letter, of the statute at issue should be emphasized in these matters (*see, Matter of Landau v Hynes*, 49 NY2d 128, 135), we find sufficient record evidence to support our determination that Bifera possessed the requisite authority to make a referral to the Attorney General.

As County Court did not address defendant's contention that the crime for which he was indicted is not a violation of law which DEC is "especially required to execute" (Executive Law § 63 [3]), we reverse the order of dismissal, reinstate the indictment and remit this matter to County Court for consideration

ted the same and any crime or offense arising out of such investigation or prosecution or both, including but not limited to appearing before and presenting all such matters to a grand jury."

of this issue (*see, People v LaFontaine*, 92 NY2d 470; *People v Romero*, 91 NY2d 750).

MERCURE, J. P., SPAIN, CARPINELLO and GRAFFEO, JJ., concur.

Ordered that the order is reversed, on the law, indictment reinstated and matter remitted to the County Court of Schoharie County for further proceedings not inconsistent with this Court's decision.