THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARKETING AND ADVERTISING SERVICES CENTER CORPORATION, Doing Business as BUFFNET, Appellant, et al., Defendant. STEVEN Fox et al., Nonparty Appellants. [708 NYS2d 227] —Order unanimously affirmed without costs. Memorandum: County Court properly denied the motion of defendant Marketing and Advertising Services Center Corporation, d/b/a Buffnet (Buffnet), to quash Grand Jury subpoenas issued to eight Buffnet employees. We reject the contention that the Attorney General lacks authority to investigate or prosecute Buffnet. Executive Law § 63 (3) authorizes the Attorney General, upon the request of the head of any department, authority, division or agency of the State, to investigate and prosecute the alleged commission of any indictable offense "in violation of the law which the officer making the request is especially required to execute or in relation to any matters connected with such department." Pursuant to Executive Law § 63 (3), the Superintendent of the New York State Police requested the Attorney General to review the results of an investigation into the transmission of child pornography over the Internet by several identified persons and to "take whatever prosecutorial action" the Attorney General deemed appropriate. The Superintendent is the head of the New York State Police (*see,* Executive Law § 210), and crimes involving child pornography (*see,* Penal Law art 263) fall within the ambit of the law that the Superintendent is "especially required to execute" and relate to matters connected with the Division of State Police (*see,* Executive Law § 223). Thus, the Superintendent's request activated the broad investigative and prosecutorial powers bestowed upon the Attorney General by Executive Law § 63 (3) (*see, People v Baghai-Kermani,* 199 AD2d 36, 37-38, *affd* 84 NY2d 525; *Matter of Mann Judd Landau v Hynes,* 49 NY2d 128, 135-137; *Matter of Emmi v Burke,* 236 AD2d 854, 855, *lv dismissed* 90 NY2d 929). Those powers extend to the investigation and prosecution of Buffnet, notwithstanding the fact that the Superintendent did not specifically request an investigation of Buffnet or include

Buffnet among those he identified as targets of appropriate prosecutorial action (*see, Matter of Mann Judd Landau v Hynes, supra,* at 137-138). (Appeals from Order of Erie County Court, DiTullio, J.—Quash Subpoena.) Present—Green, J. P., Wisner, Hurlbutt, Kehoe and Lawton, JJ.