■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS GILMOUR, Appellant. [725 NYS2d 668] —Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Rooney, J.), rendered January 22, 1999, convicting him of possessing a sexual performance by a child (13 counts), after a nonjury trial, and imposing sentence.

Ordered that the judgment is reversed, on the law, the indictment is dismissed, and the matter is remitted to the Supreme Court, Richmond County, for the purpose of entering an order in its discretion pursuant to CPL 160.50.

The defendant contended in the Supreme Court and now contends that the Attorney General lacked the authority to prosecute him for the crimes charged. It is well settled that the Attorney General is given no general prosecutorial authority, and, except where specifically permitted by statute, has no power to prosecute criminal actions (*see, Della Pietra v State of New York,* 71 NY2d 792, 796-797). The Attorney General claimed he had the authority to prosecute the defendant pursuant to Executive Law § 63 (3), which permits the Attorney General to prosecute the alleged commission of indictable offenses "[u]pon request of the governor * * * or the head of any other department, authority, division or agency of the state" (Executive Law § 63 [3]).

In support of his claim that he was authorized to prosecute the defendant, the Attorney General relies on a letter from counsel for the New York State Police, asking his office, pursuant to Executive Law § 63 (3), to investigate and prosecute the defendant for alleged use of the Internet to promote the use of a child in a sexual performance in violation of article 263 of the Penal Law. Nowhere on the face of the letter was there any reference to the Superintendent of the State Police, nor was the Superintendent listed as a recipient of a copy of the letter.

Executive Law § 63 (3) is not to be construed strictly. It should be read in a manner which accomplishes the purpose intended (*see, People v Liebowitz,* 112 AD2d 383, 384; *Matter of Mann Judd Landou v Hynes,* 49 NY2d 128, 135). In *People v Liebowitz (supra),* this Court held that such a request on the letterhead of the Deputy Superintendent and General Counsel to the Insurance Department was sufficient, where the name of the Superintendent appeared at the closing of the letter, followed by the signature of the General Counsel, who stated that he was signing for the Superintendent.

The authority of counsel to act on behalf of a department head may also be established by extrinsic evidence. In *People v Stuart* (263 AD2d 347), a letter signed by the General Counsel for the Department of Environmental Conservation, apparently in his own behalf, was deemed sufficient, where other evidence was admitted that the Commissioner of the Department of Environmental Conservation specifically authorized his General Counsel to act in his behalf in communications with the Attorney General relating to criminal enforcement, and authorized General Counsel to sign documents with the same force and effect as if signed by the Commissioner.

In this case, the request was made and signed by the Counsel for the New York State Police on his own letterhead, with no indication that it was being made on the Superintendent's behalf, nor was there any mention of the Superintendent at all. Extrinsic evidence was admitted that counsel was authorized to assist in the preparation of criminal cases, under the direction of the Superintendent. However, there is nothing in the record to indicate that the Superintendent was even aware that an investigation had taken place or that a request for prosecution was being made. Nor was there evidence that the Superintendent gave counsel general authorization to act on his behalf in authorizing the Attorney General to investigate indictable offenses.

Neither the "presumption of regularity" applicable to all official acts of individuals functioning under an oath of office (*Virag v Hynes,* 54 NY2d 437, 443), nor the Superintendent's general authority under regulations to appoint a counsel, can constitute a proper authorization under Executive Law § 63 (3) (*see, People v Fox,* 253 AD2d 192; *People v Stuart, supra; People v Liebowitz, supra*). Without prior authorization pursuant to Executive Law § 63 (3) (*see, Della Pietra v State of New York, supra*), the Attorney General lacked authority to prosecute the defendant. Accordingly, the indictment must be dismissed.

In light of our determination, we need not reach the other is-

sue raised by the defendant. Goldstein, J. P., McGinity, Schmidt and Smith, JJ., concur.