■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGIE CODINA, Appellant. [747 NYS2d 209]

Defendant was charged in three indictments with crimes ranging from grand larceny to the unlicensed practice of law on allegations that she operated a law firm without being admitted to the New York Bar and failed to provide services after taking money from her client. At trial, defendant conceded that she was not admitted to practice law in New York or in any other state of the United States and that although she had been admitted as a barrister and solicitor in Ontario, Canada, she had been suspended after she was convicted in Ontario in 1997 of fraud and falsification of books. In 1996, defendant's firm, Codina Partners International, opened an office in New York to handle immigration matters with a staff of 16, including four attorneys licensed in this state. Former clients testified that they had personal contact with defendant, entered into retainer agreements with her, believed she was a licensed attorney and would not have hired her had they known she was not admitted in New York. Most of those clients testified they never received the services they paid for and did not receive refunds. Several clients had reported defendant to the police, the Departmental Disciplinary Committee, and, when told that defendant was not an attorney, to the New York Attorney General's office.

Subsequently, the Attorney General executed a search warrant and seized defendant's office files on March 20, 1998. Executive Law § 63 (3) grants the Attorney General authority to investigate the alleged commission of any indictable offense and to prosecute, but only upon the request of certain specified executive branch officers "or the head of any other department, authority, division or agency of the state." The Attorney General obtained a referral to investigate defendant's activities from the Superintendent of the New York State Police on February 4, 1999. Thereafter, the Attorney General presented evidence to the grand jury.

Defendant contends that the Attorney General did not have the power to conduct a criminal investigation prior to obtaining the statutory referral and that, consequently, any evidence seized pursuant to a search should have been inadmissible at her trial. We agree. Defendant's failure to raise jurisdictional

contentions before the Supreme Court does not preclude review since jurisdictional defects may not be waived (*see People v Fox*, 253 AD2d 192, *lv denied* 93 NY2d 1018). The Attorney General, without a statutory referral, only has authority to proceed civilly against unlicensed legal practitioners (*People v Romero*, 91 NY2d 750). Absent the referral, the Attorney General lacked authority to execute the search warrant against defendant. We decline to read the referral statute to permit the Attorney General to issue self-referrals since to do so would undermine the evident purpose of the statute. Since the Attorney General's seizure of defendant's office records was ultra vires, such evidence should have been suppressed (*see Matter of B.T. Prods. v Barr*, 44 NY2d 226). A reversal and a new trial are warranted since the prosecutor relied on the information contained in defendant's files to prove her guilt at trial.

Defendant also argues that the indictments should be dismissed. The Attorney General had obtained a statutory referral and was authorized to obtain indictments. The most important evidence introduced before the grand jury was the testimony of defendant's former clients, whose names were ascertained from reviewing defendant's files. These witnesses testified voluntarily and such evidence was, therefore, admissible (*People v Mendez*, 28 NY2d 94, *cert denied* 404 US 911; *United States v Ceccolini*, 435 US 268).

We note that defendant has presented substantial arguments on the excessiveness of her sentence with respect to length and consecutive imposition. Based upon the record now before us, we find this to be persuasive. Nevertheless, given our disposition requiring a new trial, we do not reach this issue. We have reviewed the other contentions of defendant and find them to be without merit. Concur—Tom, J.P., Buckley, Ellerin, Wallach and Gonzalez, JJ.