OPINION OF THE COURT
Arthur J. Cooperman, J.
In this 100 count indictment against 20 defendants alleging insurance fraud, scheme to defraud, attempted grand larceny, falsifying business records and related crimes, the above-named *656 defendants move to dismiss the indictment on the grounds that the Attorney General is without jurisdiction to prosecute this action and, concomitantly, that the grand jury that returned the indictment was illegally convened.
The moving defendants allege that absent the authority to investigate or prosecute insurance fraud given to the Attorney General by the legislative or executive branches, the jurisdiction to prosecute the crimes involved in this case remains with the district attorneys. More specifically, it is defendants’ contention that Executive Order (Pataki) No. 109 (9 NYCRR 5.109), dated May 9, 2001, is inadequate to confer jurisdiction upon the Attorney General to proceed herein in that the Attorney General was vested with limited authority to investigate and then prosecute regarding identifiable allegations of insurance fraud and related crimes.
The People oppose the motion.
Executive Order No. 109, entitled “Establishing a Special Prosecutor to Investigate and Prosecute Criminal Acts Relating to Fraudulent Motor Vehicle Insurance Claims,” provided in pertinent part that because of “a dramatic increase in the cost of some motor vehicle insurance coverages,” much of it “attributable to fraudulent and abusive motor vehicle insurance claims practices” and the need “to bolster and augment” the State’s law enforcement and prosecutorial offices “by directing additional prosecutorial and investigative resources in areas where fraudulent motor vehicle insurance activity is prevalent,” the Attorney General was appointed as Special Prosecutor with the powers and duties as set forth in Executive Law § 63 (8).
Further, the Executive Order provided that the Superintendent of State Police and the Superintendent of Insurance were directed to authorize the Attorney General, pursuant to Executive Law § 63 (3)
“to conduct an investigation of the alleged commission of any indictable offense or offenses as provided by the Penal, Insurance or Vehicle and Traffic Laws arising out of motor vehicle insurance claims . . . and to prosecute the person or persons believed to have committed the same and any crime or offense arising out of such investigation or prosecution.”
Finally, the Attorney General was directed to cooperate with and assist district attorneys, the State Police, the Insurance Department and other law enforcement agencies in efforts against fraudulent motor vehicle insurance claims.
*657 The defendants contend that the Executive Order and the letters of authorization sent to the Attorney General by the Superintendents of State Police and Insurance lack the specificity required by Executive Law § 63 (3) regarding identifiable allegations of insurance fraud and related crimes.
They construe the statute as requiring that the Executive Order and the authorization letters refer to specific crimes and identified individuals.
The defense attack upon this indictment rests on the assertion that the Attorney General did not have the authority to prosecute. It is claimed that this authority was limited by Executive Law § 63 (8) to the subpoenaing of witnesses, examining them under oath or requiring the production of books and records pursuant to the Civil Practice Law and Rules, and cooperating with and assisting district attorneys and others in combating fraudulent automobile insurance claims.
Additionally, it is argued by the defendants that the Attorney General was not authorized to prosecute matters referred to him by the Superintendent of State Police or the Superintendent of Insurance unless they involved an identifiable “person or persons.”
The Court of Appeals has held otherwise (Matter of Landau v Hynes, 49 NY2d 128 [1979]). In that case, it was argued by the defense that the expansion of an investigation into fraudulent and criminal conduct in the nursing home industry to include hospitals should not be allowed. It was also alleged that the referrals from the various commissioners were defective because they failed to specify the indictable offenses sought to be investigated. In rejecting those contentions, the Court held that the plain language of Executive Law § 63 (3) bestows upon the Attorney General the broadest of investigative and prosecutorial powers (Matter of Landau v Hynes, supra at 135, 137).
More instructively, it held, as follows:
“Nor is our holding today altered by the fact that the department heads failed to designate specifically in their letters of request the indictable offenses and persons or businesses sought to be investigated. Suffice it to say that a fair reading of subdivision 3 of section 63 of the Executive Law reveals that it imposes no such requirement, and this court would be remiss in reading this statutory provision in a hypertechnical manner which would defeat its purpose. The wording of the statute itself by provid *658 ing the Attorney-General with authority ‘to prosecute the person or persons believed to have committed [offenses in violation of the law which the officer making the request is required to execute] and any crime or offense arising out of such investigation or prosecution or both’ evinces the intent of the Legislature to permit both the investigation of unspecified crimes and the prosecution of unnamed persons . . .
“As a practical matter, it would be virtually impossible for the department heads to set forth specifically the crimes sought to be investigated.” CMatter of Landau v Hynes, supra at 137-138.)
The Court of Appeals more recently reaffirmed the holding that “agency heads cannot be expected to identify the precise criminal statutes that would form the basis for a prosecution. Indeed, the very point of the request is to allow the Attorney General, as prosecutor, to make that determination” (People v Gilmour, 98 NY2d 126, 134 [2002]).
Based upon the rulings of the Court of Appeals, which this court finds compelling and controlling, the motion is denied.