THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THERESE KUSMIERZ, Also Known as THERESE MILKOWSKI, Appellant. [801 NYS2d 207]—

Appeal from a judgment of the Supreme Court, Erie County (Ronald H. Tills, A.J.), rendered February 27, 2004. The judgment convicted defendant, upon her plea of guilty, of grand larceny in the second degree and filing a false or fraudulent New York State tax return.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting her upon her plea of guilty of, inter alia, grand larceny in the second degree (Penal Law § 155.40 [1]). The charges arose in connection with the filing of claims for Medicaid reimbursement by defendant, as an agent for a hospital in Pennsylvania, for services that she knew were not provided. Contrary to the contention of defendant, the authority to investigate and prose-

cute persons for Medicaid fraud was properly conferred upon the Attorney General pursuant to Executive Law § 63 (3) (*see Matter of Mann Judd Landau v Hynes*, 49 NY2d 128, 135 [1979]; *People v Marketing & Adv. Servs. Ctr. Corp.*, 272 AD2d 982 [2000], *lv denied* 95 NY2d 761 [2000]; *cf. People v Gilmour*, 98 NY2d 126, 133-134 [2002]). By pleading guilty, defendant waived her contention that the conduct for which she was indicted occurred prior to the expiration of the five-year statute of limitations set forth in CPL 30.10 (2) (b) (*see People v Dickson*, 133 AD2d 492, 494-495 [1987]; *see generally People v Hansen*, 95 NY2d 227, 230-231 [2000]). In any event, that contention is without merit. The waiver by defendant of the right to appeal encompasses her challenge to the severity of the sentence (*see People v Lococo*, 92 NY2d 825, 827 [1998]). We have reviewed defendant's remaining contention and conclude that it is without merit. Present—Hurlbutt, J.P., Scudder, Kehoe, Martoche and Hayes, JJ.