People v Wassell (2019 NY Slip Op 03187)





People v Wassell


2019 NY Slip Op 03187


Decided on April 26, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 26, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, CARNI, LINDLEY, AND TROUTMAN, JJ.


395.1 KA 18-01593

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
BENJAMIN M. WASSELL, DEFENDANT-APPELLANT. 






JAMES OSTROWSKI, BUFFALO, FOR DEFENDANT-APPELLANT. 
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (MATTHEW B. KELLER OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Chautauqua County Court (Michael L. D'Amico, A.J.), rendered May 30, 2014. The judgment convicted defendant, upon a jury verdict, of criminal possession of a weapon in the third degree and criminal sale of a firearm in the third degree (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law, the indictment is dismissed and the matter is remitted to Chautauqua County Court for proceedings pursuant to CPL 470.45.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of criminal possession of a weapon in the third degree (Penal Law § 265.02 [7]) and two counts of criminal sale of a firearm in the third degree (§ 265.11 [1], [2]). The charges arose from defendant's sale of a Del-Ton AR-15 semiautomatic rifle to an undercover investigator. Pursuant to Penal Law § 265.00 (22), the rifle is classified as an "assault weapon" inasmuch as it is able to accept a detachable magazine and has a telescoping stock, a conspicuous pistol grip, a bayonet mount, and a muzzle break. The Attorney General of the State of New York obtained an indictment against defendant and prosecuted the matter through trial and sentencing.
Defendant contends that the Attorney General lacked the authority to prosecute him for the crimes charged. As an initial matter, defendant's challenge to the Attorney General's authority presents a question of jurisdiction, which defendant was not required to preserve for our review (see generally People v Glanda, 5 AD3d 945, 947 [3d Dept 2004], lv denied 3 NY3d 640 [2004], reconsideration denied 3 NY3d 674 [2004], cert denied 543 US 1093 [2005]; People v Codina, 297 AD2d 539, 540-541 [1st Dept 2002], lv dismissed 98 NY2d 767 [2002], reconsideration denied 99 NY2d 556 [2002]; People v Fox, 253 AD2d 192, 193-194 [3d Dept 1999], lv denied 93 NY2d 1018 [1999]).
It is well settled that the Attorney General lacks general prosecutorial authority and has the power to prosecute only where specifically permitted by statute (see Della Pietra v State of New York, 71 NY2d 792, 796-797 [1988]). As relevant here, Executive Law
§ 63 (3) grants the Attorney General prosecutorial authority "[u]pon request of . . . the head of any . . . department, authority, division, or agency of the state" (emphasis added). Although the People assert that the Attorney General had authority to prosecute this matter under section 63 (3) based on a request made by the State Police, such a request would confer that authority only if made by the head of the division, i.e., the Superintendent of State Police (see People v Gilmour, 98 NY2d 126, 133 [2002]; see generally People v Rogers, 157 AD3d 1001, 1002 [3d Dept 2018], lv denied 30 NY3d 1119 [2018]; People v Marketing & Adv. Servs. Ctr. Corp., 272 AD2d 982, 982 [4th Dept 2000], lv denied 95 NY2d 761 [2000]). Moreover, "the State bears the burden of showing that the [division or] agency head has asked for the prosecutorial participation of the Attorney General's office" (Gilmour, 98 NY2d at 135).
Here, the stipulated record on appeal does not establish that the Superintendent of State Police requested that the Attorney General prosecute this case. Indeed, there is no letter from the Superintendent in the record (see id. at 134; cf. Rogers, 157 AD3d at 1002; Marketing & Adv. Servs. Ctr. Corp., 272 AD2d at 982), nor is there any other showing in the record that a request came from the Superintendent himself. Because the People failed to establish that the Attorney General had authority to secure the indictment and prosecute the case, we conclude that the judgment must be reversed and the indictment dismissed (see Gilmour, 98 NY2d at 135).
We note that the People, for the first time through post-argument submissions, have provided this Court with a letter from the Superintendent to the Attorney General requesting assistance in this case. Nevertheless, the existence of that letter was not raised in the People's brief, and thus the argument that the letter establishes the Attorney General's authority to prosecute is not properly before us (see generally Kingsley v Price, 163 AD3d 157, 164-165 [4th Dept 2018]).
In light of our determination, we do not address defendant's remaining contentions.
Entered: April 26, 2019
Mark W. Bennett
Clerk of the Court