People v Griffin (2019 NY Slip Op 05148)





People v Griffin


2019 NY Slip Op 05148


Decided on June 26, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 26, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
MARK C. DILLON
JOSEPH J. MALTESE
VALERIE BRATHWAITE NELSON, JJ.


2016-10988
2016-10989

[*1]The People of the State of New York, respondent,
v
Timothy Griffin, appellant. (S.C.I. Nos. 14-01294, 15-00501)


Clement S. Patti, Jr., White Plains, NY, for appellant, and appellant pro se.
Letitia James, Attorney General, New York, NY (Lisa Ellen Fleischmann and Dennis A. Rambaud of counsel), for respondent.



DECISION & ORDER
Appeals by the defendant from two judgments of the Supreme Court, Westchester County (Barry E. Warhit, J.), both rendered September 8, 2015, convicting him of grand larceny in the second degree (four counts) and grand larceny in the third degree (three counts) under Superior Court Information No. 14-01294, and grand larceny in the second degree and grand larceny in the third degree (two counts) under Superior Court Information No. 15-00501, upon his pleas of guilty, and imposing sentences.
ORDERED that the judgments are affirmed.
The defendant's contention that his pleas of guilty were not knowingly, voluntarily, and intelligently entered is unpreserved for appellate review, since he did not move to withdraw his pleas prior to the imposition of sentences (see People v Lopez, 71 NY2d 662, 665; People v Pleitez-Raymundo, 160 AD3d 902; People v Spencer, 149 AD3d 983). Further, the narrow exception to the preservation requirement does not apply here, because the defendant's plea allocutions did not cast significant doubt upon his guilt, negate an essential element of the crimes, or call into question the voluntariness of the pleas (see People v Lopez, 71 NY2d at 666; People v Coleman, 164 AD3d 518). In any event, the record of the plea proceedings demonstrates that the defendant's pleas of guilty were knowingly, voluntarily, and intelligently entered (see People v Coleman, 164 AD3d at 519).
The defendant's contention that he was deprived of the effective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record, and, thus, constitutes a "mixed claim of ineffective assistance" (People v Maxwell, 89 AD3d 1108, 1109; see People v Evans, 16 NY3d 571, 575 n2). Since the defendant's claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety, and we decline to review the claim on this direct appeal (see People v Freeman, 93 AD3d 805, 806; People v Maxwell, 89 AD3d at 1109). To the extent that the defendant contends that the Supreme Court erred in denying, without a hearing, that branch of his CPL 440.10 motion which was premised upon the alleged ineffective assistance of counsel, that contention is not properly before this Court on direct appeal [*2]from the judgments (see People v Banner, 122 AD3d 641, 641).
The defendant's contention that the Attorney General lacked authority to prosecute these actions pursuant to Executive Law § 63(3) was not forfeited by his pleas of guilty nor is it precluded by his valid waiver of his right to appeal (see People v Codina, 297 AD2d 539, 539). Nevertheless, the defendant's failure to raise this issue in the Supreme Court precludes review of his contention on direct appeal. "The preservation requirement serves the . . . purpose of alerting the adverse party of the need to develop a record for appeal" (People v Hunter, 17 NY3d 725, 728). Although a jurisdictional defect need not be preserved, "[t]his does not . . . dispense with the need for a factual record sufficient to permit appellate review" (People v Kinchen, 60 NY2d 772, 773-774). "[T]he lack of an adequate record bars review on direct appeal not only where vital evidence is plainly absent . . . but wherever the record falls short of establishing conclusively the merit of the defendant's claim" (People v McLean, 15 NY3d 117, 121). Since the defendant here failed to raise any challenge in the Supreme Court to the Attorney General's authority to prosecute these actions, the Attorney General was not alerted to the need to establish its authority, and no record on this issue was made (see People v Hunter, 17 NY3d at 728; People v Gilmour, 98 NY2d 126, 129). Accordingly, the record is insufficient to permit review of this contention on direct appeal (see People v McLean, 15 NY3d at 121; People v Kinchen, 60 NY2d at 773-774; People v Cubero, 160 AD3d 1298, 1299).
The defendant's contention that the superior court informations both contained duplicitous counts was forfeited by his pleas of guilty (see People v Call, 162 AD3d 1063, 1064; People v Jackson, 129 AD3d 1342, 1342-1343; People v Vega, 268 AD2d 686; People v Branch, 73 AD2d 230, 235).
The defendant's challenges to the factual specificity of the counts charged in each superior court information, including the lack of a more precise date or range of dates on which each crime is alleged to have occurred, are nonjurisdictional, and were forfeited by his pleas of guilty and, in any event, are foreclosed by his valid waiver of his right to appeal (see People v Guerrero, 28 NY3d 110, 116-117; People v Morris, 61 NY2d 290, 293; People v Brice, 146 AD3d 1152; People v Higgs, 146 AD3d 981).
The defendant's contention, raised in his pro se supplemental brief, that count four of Superior Court Information No. 14-01294 violates Criminal Procedure Law § 195.20 and, therefore, is jurisdictionally defective is not forfeited by his plea of guilty to that superior court information or precluded by his valid waiver of his right to appeal, and may be raised for the first time on appeal (see People v Pierce, 14 NY3d 564, 568; People v Zanghi, 79 NY2d 815, 817; People v Eulo, 156 AD3d 720, 721; People v Edwards, 39 AD3d 875, 876). However, the contention is without merit.
A defendant held for the action of a grand jury may waive indictment and consent to prosecution by a superior court information (see NY Const, art I, § 6; CPL 195.10[1]; People v Milton, 21 NY3d 133, 135; People v D'Amico, 76 NY2d 877, 879). In describing the offenses to be charged in a superior court information, Criminal Procedure Law § 195.20 provides that the offenses named in the written waiver of indictment and charged in the subsequent superior court information "may include any offense for which the defendant was held for action of a grand jury and any offense or offenses properly joinable therewith pursuant to section 200.20 and 200.40" (emphasis added) (see People v Walker, 148 AD3d 1570). "The waiver procedure is triggered by the defendant being held for Grand Jury action on charges contained in a felony complaint . . . and it is in reference to those charges that its availability must be measured" (People v D'Amico, 76 NY2d at 879; see People v Pierce, 14 NY3d at 571). Thus, where the waiver of indictment and the superior court information include at least one offense for which the defendant was charged in the felony complaint, Criminal Procedure Law § 195.20 permits a waiver of indictment and a superior court information to also include "any offense" that is "properly joinable" pursuant to Criminal Procedure Law §§ 200.20 and 200.40 (see People v Pierce, 14 NY3d 564; People v Zanghi, 79 NY2d at 818; People v Seals, 135 AD3d 985).
Here, it is undisputed that six of the seven counts contained in the waiver of indictment and Superior Court Information No. 14-01294 are the same offenses as were charged in the related felony complaint. Thus, pursuant to Criminal Procedure Law § 195.20, the Attorney General was permitted to include in the waiver and the superior court information any offense joinable with those counts pursuant to Criminal Procedure Law § 200.20 (see People v Pierce, 14 NY3d at 572).
Pursuant to Criminal Procedure Law § 200.20(2)(c), offenses are joinable when, even though based upon different criminal actions and not joinable pursuant to Criminal Procedure Law § 200.20(2)(b), "such offenses are defined by the same or similar statutory provisions and consequently are the same or similar in law." Counts one, two, and three of Superior Court Information No. 14-01294 each charge the defendant with grand larceny in the second degree in violation of Penal Law § 155.40(1), and also were charged in the felony complaint. Count four of Superior Court Information No. 14-01294, which was not charged in the felony complaint, also charged the defendant with grand larceny in the second degree in violation of Penal Law § 155.40(1). Since count four charges an offense "defined by the same or similar statutory provisions and consequently [is] the same or similar in law" as other offenses charged in the superior court information, which were also alleged in the felony complaint, it was properly joinable therewith pursuant to Criminal Procedure Law § 200.20(2)(c). Accordingly, Superior Court Information No. 14-01294 was not defective (see CPL 195.20; People v Pierce, 14 NY3d at 572).
The defendant's remaining contentions, including those raised in his pro se supplemental brief, either have been forfeited by his pleas of guilty or are without merit.
MASTRO, J.P., DILLON, MALTESE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court