■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ENRIQUE DELIZ, Appellant.—Levine, J. Appeal from a judgment of the County Court of Sullivan County (Hanofee, J.), rendered August 24, 1989, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the fourth degree.

On December 2 and 5, 1988, defendant's residence was placed under surveillance by the police in the Village of Liberty, Sullivan County. After observing apparent drug-related activity, the police set up a controlled purchase of heroin from defendant through a confidential informant on December 6, 1988. On that same day, a warrant to search defendant's residence was sought and obtained from a Village Justice. The warrant application was supported by the sworn supporting deposition of the informant, who described the circumstances surrounding his earlier purchase from defendant. Upon execution of the warrant, various tangible property, including 20 packets of heroin and 19 packets of cocaine, was seized.

Defendant was subsequently arrested and indicted on charges of criminal possession and sale of a controlled substance in the third degree. Defendant made an omnibus motion requesting, *inter alia,* suppression of the property seized and a *Darden* hearing *(see, People v Darden,* 34 NY2d 177). County Court purportedly denied defendant's suppression motion in its entirety, but granted his request for a *Darden* hearing "to the extent that a [p]robable [c]ause [h]earing will take place". Defendant then pleaded guilty to a reduced charge of criminal possession of a controlled substance in the fourth degree and was sentenced to an indeterminate term of imprisonment of 3½ to 7 years. This appeal ensued.

Defendant claims on this appeal that the search warrant application was insufficient to establish probable cause under the two-pronged *Aguilar-Spinelli* standard *(see, Aguilar v Texas,* 378 US 108; *Spinelli v United States,* 393 US 410; *see also, People v Griminger,* 71 NY2d 635). This contention is misplaced, however, since the information that served as the basis for the warrant came from the confidential informant's sworn statement, rather than from hearsay information relayed by a police officer. Under these circumstances, the *Aguilar-Spinelli* test is inapplicable *(see, People v Bartolomeo,* 53 NY2d 225, 233-234; *see also, People v Taylor,* 73 NY2d 683, 688; *People v Hicks,* 38 NY2d 90, 93; *People v Santarelli,* 148 AD2d 775). In our view, the factual information contained in the affidavit of the Village Chief of Police and the informant's sworn statement provided sufficient probable cause for issuance of the warrant.

Despite defendant's assertion to the contrary, it appears from the record that County Court did in fact grant his request for a *Darden* hearing. Assuming, arguendo, that issues remained with respect to the identity and/or reliability of the

confidential informant for which a *Darden* hearing was required, defendant waived his right to appellate review of such issues by pleading guilty prior to the hearing *(see, People v Fernandez,* 67 NY2d 686, 688; *People v Henderson,* 130 AD2d 789, 791).

Judgment affirmed. Mahoney, P. J., Casey, Levine, Mercure and Harvey, JJ., concur.