■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JOHN RUMPH, Respondent.—Appeal by the People, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Miller, J.), dated September 12, 1991, as, after a hearing, granted that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the matter is remitted to the Supreme Court, Kings County, to report its findings of fact in accordance with CPL 710.60 (4), and the appeal is held in abeyance in the interim. The Supreme Court shall file its report with all convenient speed.

The defendant was charged with criminal possession of a weapon in the third degree, criminal possession of a controlled substance in the fifth degree, and resisting arrest. Following a pretrial hearing, the court granted suppression of, among other things, physical evidence which the police seized from the defendant at the time of his arrest on October 6, 1990. The People contend that the order granting suppression is contrary to the evidence adduced at the hearing and inconsistent with controlling case law.

The two police witnesses called by the People at the hearing

testified that at about 2:00 A.M. on October 6, 1990, they responded to a radio report of a black male with a gun, wearing a red and blue jacket, standing at the intersection of Vanderbilt and Myrtle Avenues in Brooklyn. Arriving at the scene in a marked patrol car within one to two minutes after hearing the radio transmission, they scanned the area and observed the defendant, the only person matching that description. The defendant was standing near a public telephone on the northwest corner of the intersection along with four or five other people.

The officers stopped their vehicle within approximately five feet of where the defendant was standing. Upon exiting their vehicle, the police immediately ordered the defendant not to move. Instead of complying with their directive, the defendant allegedly turned around, put his hand in his pocket and started running away. As one of the officers was giving chase, the defendant allegedly took a gun out of his pocket and tossed it over his head. The defendant was apprehended and drugs were recovered from his person. The police also recovered the gun which the defendant had allegedly tossed during the chase.

Any inquiry into the propriety of police conduct must weigh the degree of intrusion it entails against the precipitating and attending circumstances *(People v De Bour,* 40 NY2d 210, 223). Here, the hearing court focused primarily on the predicate for the initial police action of ordering the defendant not to move. The court concluded that such action was not justified because there were no articulable facts permitting them to believe that the defendant was in possession of a weapon. Although much weight must ordinarily be accorded to the determination of the hearing court with its advantage of having seen and heard the witnesses *(see, People v Prochilo,* 41 NY2d 759, 761), the record before us indicates that the court may have based its analysis on a faulty premise. It is true that an anonymous tip of a man with a gun, standing alone, does not justify intrusive police action *(People v Benjamin,* 51 NY2d 267, 270). Here, however, the police were duty bound to investigate the report. Based on their own observations, which allegedly corroborated the information they received both as to the specific description of the suspect and the exact location where he could be found, they may have been justified in taking precautionary action as they approached the defendant to protect themselves, or the safety of others *(see, People v Salaman,* 71 NY2d 869, 870).

However, because the hearing court failed to make findings

of fact as required by CPL 710.60 (4), we cannot determine whether its decision was based on the wholesale rejection of the evidence adduced by the People, because of stated concerns about the credibility of the witnesses, or whether there was a misapplication of the law relating to street encounters of this nature. Under the circumstances, we hold the appeal in abeyance, and remit the matter to the Supreme Court so that it may state the findings of fact essential to its determination (CPL 710.60 [4], [6]). Rosenblatt, J. P., Ritter, Copertino and Pizzuto, JJ., concur.