■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JOHN RUMPH, Respondent. [605 NYS2d 338] —Appeal by the People, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Miller, J.), dated September 12, 1991, as, after a hearing, granted that branch of the defendant's omnibus motion which was to suppress physical evidence. By decision and order of this Court dated February 1, 1993, the case was remitted to the Supreme Court, Kings County, to report its findings of fact in accordance with CPL 710.60 (4), and the appeal was held in abeyance in the interim (People v Rumph, 190 AD2d 698). The Supreme Court, Kings County, has filed its report.

Ordered that the order is affirmed insofar as appealed from.

The hearing court rejected the testimony of the police witnesses called by the People at the suppression hearing,

finding that their account of the events was contrived to withstand constitutional objection. Since the testimony of the witnesses was found to be unworthy of belief, the People failed to meet the burden of establishing the legality of the police action in the first instance *(see, People v Berrios,* 28 NY2d 361, 369).

It is well settled that much weight must be accorded to the determination of the suppression court with its peculiar advantages of having seen and heard the witnesses *(People v Prochilo,* 41 NY2d 759). On the record before us, we decline to disturb the suppression court's assessment of witness credibility or its finding that the intrusive action taken by the police here was not justified by a reasonable suspicion that the defendant was armed with a gun *(cf., People v Salaman,* 71 NY2d 869; *People v Benjamin,* 51 NY2d 267). Accordingly, the order granting suppression of the physical evidence seized at the time of the defendant's arrest is affirmed. Rosenblatt, J. P., Ritter, Copertino and Pizzuto, JJ., concur.