■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL K. GARNETT, Appellant. [621 NYS2d 669] —Appeal by the defendant from (1) a judgment of the County Court, Orange County (Pano Z. Patsalos, J.), rendered March 16, 1994, convicting him of criminal sale of a controlled substance in the third degree under Indictment No. 93-00280, upon his plea of guilty, and imposing sentence, and (2) an amended judgment of the same court, also rendered March 16, 1994, revoking a sentence of probation previously imposed by the same court, upon a finding that he had violated conditions thereof, upon his admission, and imposing a sentence of imprisonment upon his previous conviction of attempted burglary in the second degree under S.C.I. No. 92-00451.

Ordered that the judgment and the amended judgment are affirmed.

Contrary to the defendant's contention, the County Court's inquiry sufficiently established that the defendant knew that he had sold more than one milligram of lysergic acid diethylamide to an undercover police officer *(see,* Penal Law § 220.39 [4]; *People v Ryan,* 82 NY2d 497; *People v Lopez,* 71 NY2d 662, 665-666).

The defendant's contention that he did not receive the effective assistance of counsel is without merit *(see, People v Baldi,* 54 NY2d 137). The record reveals that the defendant's attorney negotiated an advantageous plea agreement that substantially limited the defendant's exposure to imprisonment *(see, People v Ladelokun,* 192 AD2d 723; *People v Nicholls,* 157 AD2d 1004).

Since the defendant pleaded guilty with the understanding that he would receive the sentence that was thereafter imposed, he has no basis to complain that his sentence is excessive *(see, People v Kazepis,* 101 AD2d 816).

We have considered the defendant's remaining contentions and find them to be without merit. Bracken, J. P., Rosenblatt, Lawrence, Krausman and Goldstein, JJ., concur.