■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARDELIA HARRIS, Appellant. [624 NYS2d 901] —Appeal by the defendant from a judgment of the County Court, Rockland County (Nelson, J.), rendered February 22, 1994, convicting her of criminal sale of a controlled substance in the third degree, upon her plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

We have reviewed the record and agree with the defendant's assigned counsel that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted (see, Anders v California, 386 US 738; People v Paige, 54 AD2d 631; cf., People v Gonzalez, 47 NY2d 606). Balletta, J. P., Thompson, Santucci, Altman and Hart, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARIA HIDALGO, Appellant. [624 NYS2d 897] —Appeal by the defendant from a judgment of the County Court, Orange County (Berry, J.), rendered December 15, 1993, convicting her of criminal possession of a controlled substance in the second degree, upon her plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the court erred in accepting her plea of guilty because it was not knowingly and voluntarily entered and because she did not know the weight of the drugs she possessed. These arguments are unpreserved for appellate review because the defendant failed to move to withdraw her plea before sentencing and failed to moved to vacate the judgment of conviction (see, People v Lopez, 71 NY2d 662, 665-666; People v Claudio, 64 NY2d 858, 859; People v Pellegrino, 60 NY2d 636). In any event, the record indicates that the defendant knowingly and voluntarily entered her plea (see, People v Harris, 61 NY2d 9; People v Khan, 201 AD2d 586) and that she knew the weight of the drugs she possessed (see, People v Ryan, 82 NY2d 497; People v Garnett, 211 AD2d 813). Mangano, P. J., O'Brien, Ritter, Pizzuto and Florio, JJ., concur.