■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT DOYLE, Appellant. [635 NYS2d 718] —Peters, J. Appeal from a judgment of the County Court of Washington County (Hemmett, Jr., J.), rendered August 22, 1994, convicting defendant upon his plea of guilty of the crime of criminal possession of marihuana in the third degree.

On October 21, 1992, at approximately 9:00 P.M., a search warrant was executed at defendant's home in the Town of Kingsbury, Washington County. A quantity of marihuana and drug paraphernalia were discovered during the search which resulted in a four-count indictment charging defendant with a variety of drug-related crimes, including criminal possession of marihuana in the second degree. Defendant made an omnibus motion requesting, *inter alia*, suppression of the property seized; however, this motion was denied followed a hearing. Thereafter, defendant pleaded guilty to one count of criminal possession of marihuana in the third degree in satisfaction of the indictment and this appeal followed.

Initially, defendant argues that the search warrant application was insufficient to establish probable cause under the two-pronged reliability and basis of knowledge test, known as the *Aguilar-Spinelli* standard (*see, Aguilar v Texas*, 378 US 108; *Spinelli v United States*, 393 US 410; *see also, People v Griminger*, 71 NY2d 635, 637). However, since the information that served as the basis for the warrant came from a named informant's sworn statement detailing certain first-hand observations, as opposed to being culled from hearsay statements relayed by a police officer, the *Aguilar-Spinelli* standard is inapplicable here (*see, People v Bartolomeo*, 53 NY2d 225, 233-234; *see also, People v Baker*, 174 AD2d 815, 816, *lv denied* 78 NY2d 920; *People v Deliz*, 172 AD2d 877, 878, *lv denied* 78 NY2d 921). While it is true that the informant's affidavit included some hearsay information, the personal observations and activities described therein, along with other information included with the warrant application, provided sufficient probable cause for issuance of the warrant (*see, People v Deliz, supra*, at 878).

Finally, defendant argues that County Court erred in accepting his plea of guilty because proof that defendant knew the weight of the drugs he possessed in accordance with the dictates of *People v Ryan* (82 NY2d 497) was allegedly not presented to the Grand Jury. Assuming that *Ryan* applies to the circumstances of this case, we note that this argument is unpreserved for appellate review because defendant pleaded guilty and failed to move to withdraw his plea before senten-

cing and failed to move to vacate the judgment of conviction (*see, People v Hidalgo*, 213 AD2d 493, *lv denied* 85 NY2d 974). Furthermore, the record reflects that in light of defendant's commercial-like growing activities, he knew the weight of the marihuana he possessed (*see, People v Ryan, supra*).

Mikoll, J. P., Crew III, White and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed.