■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID A. McCULLOCH, Appellant. [640 NYS2d 914] —White, J. Appeal from a judgment of the County Court of Warren County (Moynihan, Jr., J.), rendered April 12, 1995, convicting defendant upon his plea of guilty of the crime of murder in the second degree.

In the course of their investigation of the murder of a convenience store clerk that occurred on November 27, 1994 in the Town of Lake George, Warren County, the police, on December 1, 1994, pursuant to a warrant, searched defendant's residence and interviewed him. The search yielded the murder weapon and the interview elicited a written incriminating statement from defendant. Following County Court's denial of his

omnibus motion to suppress the physical evidence and his statement, defendant entered a guilty plea to the crime of murder in the second degree, for which he received a sentence of imprisonment of 25 years to life. Defendant appeals.

Defendant initially challenges the search warrant, focusing on the sufficiency of the application. To be considered adequate, an application for a search warrant must provide the Magistrate with information sufficient to support a reasonable belief that evidence of a crime may be found in a certain place (*see, People v Edwards*, 69 NY2d 814, 816). Here, the application was supported by affidavits by William Vanness, a police investigator, and a signed statement containing a Penal Law § 210.45 notice from Christopher Mackrodt. Vanness stated that a spent bullet found at the murder site indicated that the murder weapon was a .22-caliber older model revolver and that he believed a small gray or silver sedan may have been employed by the perpetrators of the crime. Mackrodt's statement recited that when he was at defendant's residence in October 1994, defendant showed him a .22-caliber revolver that appeared to be an older gun which he stated was stolen from Thompson's Garage. Mackrodt specifically described the weapon and further related that he saw it again at defendant's residence around November 20, 1994. He also stated that one of defendant's friends drove a gray 1985 Honda Civic and had spoken of the possibility of robbing a convenience store.

In our opinion, this information established probable cause for the issuance of a search warrant since it is sufficient to support a reasonable belief that the murder weapon would be found in defendant's residence (*see, People v Pinchback*, 82 NY2d 857, 858; *see also*, CPL 690.10 [4]; 690.40 [2]). We reject defendant's claim that Mackrodt's statement was unsworn, as a signed statement containing a Penal Law § 210.45 notice is the equivalent of a statement made under oath (*see, People v Sullivan*, 56 NY2d 378, 384; *People v Jaquez*, 192 AD2d 460, 461, *lv denied* 81 NY2d 1074). We further reject defendant's argument that the *Aguilar-Spinelli* standard is applicable to this case since the information set forth in the application came from a named informant who related firsthand observations (*see, People v Doyle*, 222 AD2d 875; *People v Deliz*, 172 AD2d 877, 878, *lv denied* 78 NY2d 921; *People v Kirby*, 168 AD2d 981).

Mackrodt was arrested on the day of the suppression hearing for the theft of the murder weapon in the 1993 burglary of Thompson's Garage. Contrary to defendant's claim, this fact does not vitiate the warrant since defendant failed to prove

that Mackrodt's description of the weapon and his assertion that it was present in defendant's residence were false statements (*see, People v Hawley*, 192 AD2d 742, 744, *lv denied* 82 NY2d 896). In any event, Mackrodt's veracity could be inferred from the detailed statement that he gave that was based on his own observations and which was given with the express understanding that making a false statement was a crime (*see, People v McCann*, 85 NY2d 951, 953).

Defendant complains that the Magistrate who issued the warrant was not fair and impartial because, in his role as an emergency medical technician, he responded to the crime scene where he observed the victim lying on the floor, assisted other technicians and drove the victim to the hospital. These circumstances do not impinge upon the validity of the warrant because a Judge, by reason of learning, experience and judicial discipline, is presumed to have made an objective determination based upon appropriate legal criteria, despite awareness of facts that cannot be relied upon in making such determination (*see, People v Moreno*, 70 NY2d 403, 406; *People v Bishop*, 111 AD2d 398, *lv denied* 67 NY2d 649). As there is nothing in the record to negate the application of this presumption to this case, defendant's complaint is unfounded.

The proof at the *Huntley* hearing showed that on December 1, 1994, at about 6:00 P.M., the police went to defendant's residence to execute the search warrant. Defendant answered the door and went with the police to a State Police substation where shortly thereafter he made his incriminating statement. At the conclusion of the hearing, County Court determined that defendant was in custody when the police removed him from his residence. Defendant, citing *Payton v New York* (445 US 573), maintains that his statement should have been suppressed as it flowed from an illegal arrest (*see, People v Harris*, 77 NY2d 434, 437).

While it is well settled that much weight must be accorded to the determinations of the suppression court (*see, People v Rumph*, 199 AD2d 434, 435), we are not bound by such determinations if they are not supported by the record (*see, People v Byers*, 71 AD2d 77, 80). In this instance, the facts found credible by County Court in its written decision are that upon their arrival at defendant's residence, the police identified themselves and asked defendant to accompany them to the State Police substation, which defendant, who was not handcuffed or otherwise restrained, willingly did.

Considering these facts, we conclude that County Court's finding that defendant was in custody is not supported by the

record since a reasonable person, innocent of any crime, would not, under these circumstances, have believed himself or herself to be in custody (*see, People v Centano*, 76 NY2d 837, 838; *People v Gillis*, 220 AD2d 802, 803; *People v Smith*, 214 AD2d 845, 847, *lv denied* 86 NY2d 741). Accordingly, we find that defendant was not in custody when he left his residence and that his statement was not taken in violation of *Payton*. Thus, County Court's decision not to suppress defendant's statement was proper.

Lastly, defendant's claim that he "may have chosen to proceed to trial rather than enter a guilty plea" if County Court had granted his motion for a separate trial falls far short of establishing that County Court abused its discretion in denying the motion (*see, People v Mahboubian*, 74 NY2d 174, 183-184).

For these reasons, we affirm the judgment of conviction.

Cardona, P. J., Mercure, Casey and Spain, JJ., concur. Ordered that the judgment is affirmed.