■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v MYRON D. SPEICHER, Respondent. [665 NYS2d 724] —Spain, J. Appeal from an order of the County Court of Schuyler County (Callanan, Sr., J.), entered January 15, 1997, which granted defendant's motion to suppress evidence.

On August 25, 1996, while assigned to a routine traffic post at the intersection of State Route 414 and County Route 16 in the Town of Dix, Schuyler County, State Trooper Bryan Blum observed defendant and James Brucie traveling in an automobile without their seatbelts secured. Blum stopped the vehicle and noticed an open bottle of beer on the console. When he asked Brucie, the driver of the vehicle, who had the beer, Brucie responded that he did not know and that he was taking defendant to the hospital because defendant had complained of chest pains.

Blum allowed the men to proceed through the intersection but advised them that he would follow them to the nearby hospital. Once at the hospital, Brucie parked the vehicle and defendant entered the hospital through the main entrance. When Brucie attempted to accompany defendant, Blum detained him for questioning. Brucie identified himself and advised Blum that he did not have a driver's license because it had been suspended for driving while intoxicated; he also told Blum that the vehicle belonged to defendant. Blum, satisfied that the driver had not exhibited anything which would indicate that he had been drinking alcohol, asked Brucie if he

could empty the partially filled beer bottle he had observed in the car and Brucie consented. Then Blum asked him if he could check the interior of the car for more open containers and Brucie gave permission. While looking through a window, before opening any doors, Blum observed the corner of a plastic baggie containing what resembled marihuana in the back seat sticking out from under a sweatshirt; he opened the door, lifted up the sweatshirt and the baggie fell to the ground, outside the vehicle. Upon a further search of the vehicle, Blum found a large quantity of cash and what he believed to be cocaine.

Defendant was indicted for the crime of criminal possession of a controlled substance in the third degree. He subsequently moved, *inter alia*, to suppress the evidence seized by the police through the search of the vehicle. Following a hearing in which Blum's testimony was found to be "entirely credible", County Court, *inter alia*, granted suppression of the evidence, finding that the consent was invalid because Blum was not justified in his request to search the vehicle, there being no need for him to search for more beer bottles (*see, People v Hollman*, 79 NY2d 181, 195; *People v De Bour*, 40 NY2d 210, 215). The People have appealed.

We reverse. Blum's observation of the marihuana in plain view through the car window provided a basis independent of Brucie's consent to look through the vehicle for beer bottles (*see, People v Beriguette*, 84 NY2d 978, 979-980) and, thereafter, "to conduct a thorough search of the vehicle for additional contraband" (*People v Sanders*, 143 AD2d 1063, *lv denied* 73 NY2d 982; *see, People v Pena*, 209 AD2d 744, 746-747, *lv denied* 85 NY2d 941). Contraband discovered by a police officer who " 'purposefully' " looks into a car will not be suppressed "provided that he was not actually aware that that particular item of contraband or evidence would be found in that particular place" (*People v Manganaro*, 176 AD2d 354, 356, *lv denied* 79 NY2d 860).

Moreover, even if Blum's search were "poisoned" by an unjustified request to search the vehicle for more beer bottles (*see, People v Hollman, supra; People v De Bour, supra*), it is our view that the facts in this case clearly fall within the inevitable discovery exception to the rule which excludes evidence tainted by questionable police procedures (*see, People v Fitzpatrick*, 32 NY2d 499, *cert denied* 414 US 1033). Here, Brucie would have eventually been arrested or at least ticketed for knowingly operating a motor vehicle while his license was suspended (*see*, Vehicle and Traffic Law § 511 [2]) and, in the absence of defendant, the vehicle would have been impounded

and eventually inventoried (*see,* Vehicle and Traffic Law § 511-b). Defendant's illness and his absence at the time of Blum's encounter with Brucie in the hospital parking lot leads us to conclude that the vehicle was destined for a permissible inventory search under normal police procedures (*see, People v Turriago,* 90 NY2d 77, 84-87). In our view, there is a high degree of probability that the money and narcotics would have been discovered during a post-impoundment inventory (*see, id.,* at 87) which, under the circumstances of this case, was inevitable. For the foregoing reasons, the motion to suppress should have been denied.

Mercure, J. P., Crew III, White and Peters, JJ., concur. Ordered that the order is reversed, on the law and the facts, and motion denied and indictment reinstated.