■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS P. LADD, Appellant. [792 NYS2d 246]—

Rose, J. Appeals (1) from a judgment of the County Court of Chemung County (Hayden, J.), rendered November 20, 2002, upon a verdict convicting defendant of the crimes of burglary in the second degree (three counts) and petit larceny (three counts), and (2) by permission, from an order of said court, entered July 11, 2003, which denied defendant's motion pursuant to CPL 440.20 to set aside the sentence, without a hearing.

Defendant, accompanied by two others, burglarized a series of homes and then drove off in his vehicle. Following his arrest, defendant moved to suppress the physical evidence seized from his vehicle on the ground that the search was illegal. County

Court denied defendant's motion without a hearing. Following a jury trial, defendant was convicted of three counts of burglary in the second degree and three counts of petit larceny and sentenced as a persistent felony offender to concurrent terms of imprisonment of 20 years to life on each burglary count and one year on each petit larceny count. Thereafter, defendant moved pursuant to CPL 440.20 to vacate his sentence and County Court denied the motion. Defendant now appeals from the judgment of conviction and, by permission, from the order denying his CPL 440.20 motion.

Defendant initially raises several challenges to County Court's ruling allowing the People to present the evidence seized during the postarrest search of his vehicle. In response to defendant's suppression motion, the People asserted, among other things, that a sheriff's deputy happened upon the suspect vehicle, which immediately drove away at a high rate of speed—reaching 120 miles-per-hour—and led the deputy on a high-speed chase, ending with the vehicle crashing into a ditch and its occupants fleeing on foot. The suspects, including defendant, were promptly apprehended. The vehicle was impounded and later searched, yielding the fruits of the burglaries. Rather than dispute the high-speed chase and reckless driving allegations, defendant argued that the searching officers had neither a valid warrant nor any basis for an automobile search exception to the warrant requirement. Even though the People concede that the search warrant obtained here was invalid, we are persuaded that discovery of the evidence in defendant's vehicle was inevitable. Since it was stuck in a ditch and abandoned by its occupants, defendant's vehicle was destined for impoundment and a permissible inventory search under normal police procedures (*see People v Turriago*, 90 NY2d 77, 84-86 [1997]; *People v Speicher*, 244 AD2d 833, 834-835 [1997]). As there is no doubt whatsoever that such a search would have revealed the physical evidence from these burglaries, we agree that the inevitable discovery doctrine applies and, accordingly, County Court correctly denied defendant's suppression motion without a hearing.

Next, defendant's constitutional challenge to the procedure under which he was sentenced as a persistent felony offender is unavailing (*see People v Rosen*, 96 NY2d 329, 334-335 [2001], *cert denied* 534 US 899 [2001]; *People v West*, 12 AD3d 152 [2004]). Because County Court based its conclusions here upon facts found by the jury, defendant's prior convictions and his undisputed recidivism, we need not decide whether the holding in *People v Rosen (supra)* is in conflict with *Ring v Arizona* (536

US 584 [2002]) or other cases requiring jury determination of certain sentencing factors (*see e.g. People v West, supra* at 152).

Finally, we have reviewed defendant's remaining contentions, including his claim of ineffective assistance of counsel, and find them to be without merit.

Mercure, J.P., Mugglin, Lahtinen and Kane, JJ., concur. Ordered that the judgment and the order are affirmed.