[950 NE2d 137, 926 NYS2d 401]

The People of the State of New York, Respondent, v Shawn Hunter, Appellant.

Argued April 28, 2011; decided June 2, 2011

APPEARANCES OF COUNSEL

*Timothy P. Donaher, Public Defender*, Rochester (*Matthew J. Clark* of counsel), for appellant.

*Michael C. Green, District Attorney*, Rochester (*Joseph D. Waldorf* of counsel), for respondent.

## OPINION OF THE COURT

MEMORANDUM.

The order of the Appellate Division should be reversed and the matter remitted to that court for consideration of issues raised but not determined on the appeal to that court.

It is well settled that a defendant seeking suppression of evidence obtained as the result of an alleged illegal search must prove standing to challenge the search (*see People v Ramirez-Portoreal*, 88 NY2d 99, 108 [1996]). At issue in this appeal is the related question of whether the People must timely object to a defendant's failure to prove standing in order to preserve that issue for appellate review. We previously answered this question in the affirmative in *People v Stith* (69 NY2d 313 [1987]), and reiterate that holding today.

In October 2005, officers effected a warrantless entry into an apartment, apprehended defendant and recovered buy money from a "buy and bust" transaction that defendant had engaged in with an undercover officer. Defendant moved to suppress the buy money, claiming that it was obtained as the result of an unlawful warrantless entry and search of his home. The People countered that the entry was justified under the doctrines of "exigent circumstances" and/or "hot pursuit." They also contended that the search of the apartment was supported by the written consent of the tenant, defendant's mother.

At the suppression hearing, the People called two police officers who were engaged in the pursuit; defendant called no witnesses. Supreme Court denied defendant's motion to suppress, upholding the warrantless entry based upon the "exigent circumstances" and "hot pursuit" exceptions to the warrant

requirement. Since the issue of defendant's standing was not raised, the court had no occasion to rule on that issue.

Defendant then pleaded guilty to criminal possession and sale of a controlled substance in the third degree and promptly appealed his conviction arguing that Supreme Court erred in its suppression ruling. The Appellate Division affirmed the conviction, albeit on a ground that had not been presented to the suppression court, holding that defendant "failed to establish that he had standing to challenge the search of the apartment in which he was arrested" (70 AD3d 1343, 1344 [4th Dept 2010]). In light of that determination, the court declined to consider defendant's remaining arguments. A Judge of this Court granted defendant leave to appeal and we now reverse.

■ In *People v Stith*, this Court refused to consider the People's argument that the defendant lacked standing to challenge the legality of the seizure of a weapon, noting that such argument "was raised for the first time at the Appellate Division and thus is not preserved for our review" (69 NY2d at 320). Since our pronouncement in *Stith*, however, three of the four appellate departments have issued rulings counter to this holding, concluding that because it is the defendant's initial burden to establish standing, the People may raise defendant's lack of standing for the first time on appeal (*see People v McCall*, 51 AD3d 822, 822 [2d Dept 2008], *lv denied* 11 NY3d 856 [2008]; *People v Hooper*, 245 AD2d 1020, 1021 [4th Dept 1997]; *People v Banks*, 202 AD2d 902, 904 [3d Dept 1994], *revd on other grounds* 85 NY2d 558 [1995]; *but see People v Graham*, 211 AD2d 55, 57-58 [1st Dept 1995], *lv denied* 86 NY2d 795 [1995] [finding unpreserved the People's contention that the defendant lacked standing to challenge a search, noting that the People failed to raise the issue in either their motion opposing suppression or at the hearing]). To the extent that those and similar decisions may be read to not require the People to timely object to a defendant's lack of standing so as to preserve that issue for appellate review, they are no longer to be followed.

■ Here, the People did not challenge defendant's claim that he possessed a legitimate expectation of privacy in his mother's apartment, and therefore did not assert a claim that defendant lacked standing. Given that the primary reason for "demanding notice through objection or motion in a trial court, as with any specific objection, is to bring the claim to the trial court's attention" (*People v Gray*, 86 NY2d 10, 20 [1995]), the People are required to alert the suppression court if they believe that the

defendant has failed to meet his burden to establish standing (*see People v Carter*, 86 NY2d 721, 722-723 [1995] [setting forth the premise that a defendant "must allege standing to challenge the search and, *if the allegation is disputed*, must establish standing" (emphasis supplied)]). The preservation requirement serves the added purpose of alerting the adverse party of the need to develop a record for appeal. Here, because the People failed to preserve the issue, the Appellate Division erred in entertaining it.

Chief Judge LIPPMAN and Judges CIPARICK, GRAFFEO, READ, SMITH, PIGOTT and JONES concur in memorandum.

Order reversed, etc.