# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**772**

**KA 14-02182**

PRESENT: SCUDDER, P.J., SMITH, SCONIERS, VALENTINO, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, APPELLANT,

V                                                MEMORANDUM AND ORDER

JOACHIM S. SYLVESTER AND SHATEEK L. PAYNE,
DEFENDANTS-RESPONDENTS.

---

MICHAEL J. VIOLANTE, DISTRICT ATTORNEY, LOCKPORT (THOMAS H. BRANDT OF COUNSEL), FOR APPELLANT.

DAVID J. FARRUGIA, PUBLIC DEFENDER, LOCKPORT (JOSEPH G. FRAZIER OF COUNSEL), FOR DEFENDANT-RESPONDENT SHATEEK L. PAYNE.

---

Appeal from an order of the Niagara County Court (Matthew J. Murphy, III, J.), dated April 2, 2014. The order granted the motions of defendants seeking to suppress physical evidence and certain oral statements made to the police following a traffic stop.

It is hereby ORDERED that the order so appealed from is unanimously affirmed.

Memorandum: The People appeal from an order granting defendants' motions seeking to suppress physical evidence and certain oral statements made to the police following a traffic stop. The People failed to preserve for our review their contention that defendant Sylvester lacked standing to contest the legality of the search of the vehicle (*see People v Hunter*, 17 NY3d 725, 726-727). " '[A] defendant seeking to suppress evidence, on the basis that it was obtained by means of an illegal search, must allege standing to challenge the search and, *if the allegation is disputed*, must establish standing' " (*People v Johnson*, 94 AD3d 1529, 1531, *lv denied* 19 NY3d 974, quoting *People v Carter*, 86 NY2d 721, 722-723). The People's challenge to defendant Sylvester's standing, made after the proof at the suppression hearing was closed, was untimely (*see Hunter*, 17 NY3d at 727-728; *see generally People v Turner*, 73 AD3d 1282, 1283, *lv denied* 15 NY3d 896).

The People further contend that County Court erred in granting those parts of defendants' motions seeking to suppress physical evidence because the evidence at the suppression hearing established the requisite reasonable suspicion authorizing the request for consent to search the vehicle (*see People v Boler*, 106 AD3d 1119, 1122). We reject that contention inasmuch as it is premised upon the testimony of a police witness that the court did not find truthful. "It is well

settled that the suppression court's credibility determinations and choice between conflicting inferences to be drawn from the proof are granted deference and will not be disturbed unless unsupported by the record" (*People v Esquerdo*, 71 AD3d 1424, 1424, *lv denied* 14 NY3d 887 [internal quotation marks omitted]).  Here, the ruling that the request for consent to search the vehicle was unlawful was based primarily upon the court's assessment of the credibility of the People's principal witness.  The court refused to credit the testimony of the officer who initiated the traffic stop, concluding that he "tailored his testimony to justify the subsequent search."  In our view, that credibility determination is supported by the record, and we see no basis to disturb it (*see People v Howington*, 96 AD3d 1440, 1441).

Entered:  June 19, 2015                            Frances E. Cafarell
                                                   Clerk of the Court