*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered: December 10, 2015          107281
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                     Respondent,

         v                                  MEMORANDUM AND ORDER

EVAN PASCO,
                     Appellant.
_____

Calendar Date: October 16, 2015

Before: McCarthy, J.P., Rose, Lynch and Devine, JJ.

_____

         Brennan & White, LLP, Queensbury (Joseph R. Brennan of counsel), for appellant.

         J. Anthony Jordan, District Attorney, Fort Edward (Christian P. Morris of counsel), for respondent.

_____

McCarthy, J.P.

         Appeal from a judgment of the County Court of Washington County (Hall Jr., J.), rendered April 11, 2014, convicting defendant upon his plea of guilty of the crime of burglary in the second degree.

         In satisfaction of two separate indictments, defendant pleaded guilty to burglary in the second degree and was sentenced to a five-year prison term, followed by five years of postrelease supervision. The two underlying indictments were, in part, respectively based on evidence obtained upon the execution of two separate search warrants. Defendant appeals and argues that County Court erred in failing to suppress the evidence obtained pursuant to those warrants.

As to the first warrant for a search of defendant's car and home, defendant contends that there was insufficient evidence to establish the reliability of statements provided by a confidential informant (hereinafter the CI). As is relevant here, the veracity component of the Aguilar-Spinelli test can be satisfied by proof "that the specific information given [by the CI] is reliable" (People v DiFalco, 80 NY2d 693, 696-97 [1993]; accord People v Wolfe, 103 AD3d 1031, 1033 [2013], lv denied 21 NY3d 1021 [2013]). As is also relevant, the reliability of information may be established by comparison of that information to facts already known by law enforcement (see People v Wolfe, 103 AD3d 1033-1034; see generally People v Rodriguez, 52 NY2d 483, 490 [1981]). Here, the CI informed law enforcement that she had witnessed defendant unloading a 55-inch Visio television from his car, that she observed laptop computers and a large amount of jewelry that she knew did not belong to defendant in his bedroom and that, in the same room, she also observed empty heroin bags. This information was sufficiently corroborated by facts within the law enforcement's knowledge, namely, recent burglary reports. Those reports identified the theft of a 55-inch Visio television, multiple laptop computers and large amounts of jewelry. This proof independently verified details of the CI's statement and established its reliability for Aguilar-Spinelli purposes (see People v DiFalco, 80 NY2d at 700-701 [1993]; People v Smalls, 271 AD2d 754, 755 [2000], lv denied 95 NY2d 804 [2000]).

Next, defendant contends that probable cause did not support the second search warrant for a different house. In order to establish probable cause, a search warrant application must entail sufficient information to support a reasonable belief that evidence of a crime will be found in a particular place (see People v Bigelow, 66 NY2d 417, 423 [1985]; People v Vanness, 106 AD3d 1265, 1266 [2013], lv denied, 22 NY3d 1044 [2013]). The application for the second search warrant included information that police investigation uncovered receipts that confirmed that defendant had made sales to local pawn shops on multiple days that coincided with reports of burglaries. An officer further averred that a person reported that she arrived at her home to find her gate open and defendant in her backyard, carrying a black drawstring bag. Due to that report, officers stopped defendant, who was found riding a bicycle nearby. When officers

asked defendant if they could search his black drawstring bag, defendant fled to and entered a nearby house. He exited that house a short time later without the bag. This information was sufficient to support a reasonable conclusion that evidence of a crime would be found within that house (see People v Rogers, 94 AD3d 1246, 1248 [2012], lv denied 19 NY3d 977 [2012]; People v Harris, 83 AD3d 1220, 1222 [2011], lv denied 17 NY3d 817 [2011]; People v McCulloch, 226 AD2d 848, 849 [1996], lv denied 88 NY2d 1070 [1996]). Defendant's remaining contentions are without merit.

Rose, Lynch and Devine, JJ., concur.

ORDERED that the judgment is affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court