# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**825**

**KA 15-00954**

PRESENT: PERADOTTO, J.P., CARNI, DEJOSEPH, NEMOYER, AND CURRAN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, APPELLANT,

V

MEMORANDUM AND ORDER

KHADIJAH LANE, DEFENDANT-RESPONDENT.

---

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (JAMES P. MAXWELL OF COUNSEL), FOR APPELLANT.

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PHILIP ROTHSCHILD OF COUNSEL), FOR DEFENDANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Onondaga County (John J. Brunetti, A.J.), dated April 17, 2015. The order granted the motion of defendant to suppress physical evidence.

It is hereby ORDERED that the order so appealed from is unanimously affirmed and the indictment is dismissed.

Memorandum: On appeal from an order granting defendant's motion to suppress physical evidence, the People contend that Supreme Court failed to properly credit their witnesses and erred in granting the motion. We reject that contention. " 'It is well settled that the suppression court's credibility determinations and choice between conflicting inferences to be drawn from the proof are granted deference and will not be disturbed unless unsupported by the record' " (*People v Sylvester*, 129 AD3d 1666, 1667, *lv denied* 26 NY3d 1092). Here, the court found the testimony of one of the police witnesses to be "unworthy of belief" and therefore concluded that "the People failed to meet the burden of establishing the legality of the police action in the first instance" (*People v Rumph*, 199 AD2d 434, 435). We conclude that the court's credibility determination is supported by the record, and thus we see no basis to disturb it (*see Sylvester*, 129 AD3d at 1667).

Contrary to the People's further contention, the court did not "assume the role of defense counsel." "A [t]rial [j]udge in a criminal action is not merely an observer nor only a referee. It is the [j]udge's duty to assume an active role in the examination of witnesses where proper or necessary to elicit or develop significant facts, to clarify or enlighten an issue, or to facilitate or expedite the orderly progress of the trial" (*People v Ellis*, 62 AD2d 469, 470). There is no evidence in this record that the court acted improperly; rather, upon review of the hearing transcript, we conclude that the

court attempted to clarify issues because the police officer's testimony was confusing and contradictory.

In view of our determination, the indictment must be dismissed because " 'the unsuccessful appeal by the People precludes all further prosecution of defendant for the charges contained in the accusatory instrument' " (*People v Moxley*, 137 AD3d 1655, 1656-1657).

Entered:  October 7, 2016                        Frances E. Cafarell
                                                  Clerk of the Court