■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BREON J. BROOKS, Appellant. [59 NYS3d 816]—

McCarthy, J.P. Appeal from a judgment of the County Court of Tompkins County (Rowley, J.), rendered March 18, 2015, convicting defendant upon his plea of guilty of the crimes of criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree.

In February 2014, the City of Ithaca Police Department identified defendant as a suspect in a series of burglaries and obtained a warrant to place a tracking device on his vehicle. After tracking defendant's movements for several days, the police applied for a second warrant to search defendant's person, residence and vehicle. After the second warrant was issued, the police orally requested that it be amended to include a firearm in the list of items to be seized and to change the number of the apartment to be searched. Upon executing the second warrant, police located a loaded revolver and a box of ammunition in the glove compartment of defendant's vehicle. As a result, defendant was charged by indictment with criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree. Defendant moved to suppress the evidence of the weapon, arguing that there was an insufficient basis for issuing the warrants and that the second warrant was unlawfully amended. County Court denied the motion and, thereafter, defendant pleaded guilty to both counts in the indictment and was sentenced, as a second violent felony offender, to seven years in prison with five years of postrelease supervision on the conviction of criminal possession of a weapon in the second degree and to a concurrent prison term of 2 to 4 years on the conviction of criminal possession of a weapon in the third degree. Defendant now appeals, and we affirm.

Defendant's contention that County Court erred in denying his suppression motion is without merit. Initially, we note that defendant's argument challenging the reliability of the information provided by identified citizen informants is unpreserved (see People v Baptista, 130 AD3d 1541, 1543 [2015], lv denied 27 NY3d 991 [2016]), and, as his omnibus motion failed to dispute any of the facts alleged by police in the warrant applications, County Court properly determined that a Mapp hearing was not necessary (see People v Battle, 109 AD3d 1155, 1157-1158 [2013], lv denied 22 NY3d 1038 [2013]; People v Vanness, 106 AD3d 1265, 1265 [2013], lv denied 22 NY3d 1044

[2013]). Additionally, we agree with County Court that the challenged search warrants were supported by probable cause. A search warrant approved by a magistrate is presumed valid and will be upheld if the warrant application demonstrates that there was "sufficient information to support a reasonable belief that evidence of a crime may be found in a certain place" (*People v Pinkney*, 90 AD3d 1313, 1315 [2011] [internal quotation marks and citation omitted]; *see People v Church*, 31 AD3d 892, 894 [2006], *lv denied* 7 NY3d 866 [2006]).

In the first warrant application, the police sought to install an electronic tracking device on defendant's green 1998 Honda Civic sedan for the purpose of tracking his movements in relation to a string of home burglaries. The sworn written application provided that boot prints matching a type worn by defendant were found at multiple homes that had been burglarized. A suspect matching defendant's physical description was also captured on video attempting to use an ATM card that was taken from one of the burglarized homes. Additionally, two witnesses saw a suspect matching defendant's physical description leave the premises of a burglarized home, and a police officer, that same day, saw defendant wearing clothing that matched their description of the suspect's clothing. Finally, a third witness told police that she saw a green "older four door Honda" in the area shortly after another burglary was reported.

As for the second warrant, the police sought to search defendant's person, residence and vehicle for evidence of property stolen in the course of these burglaries, including a laptop, jewelry and cash. Since the installation of the tracking device pursuant to the first warrant, the police monitored the movement of defendant's vehicle and placed it in the vicinity of a burglary a few hours before the crime was reported. Boot prints matching the type worn by defendant were also found at this location. Additionally, the police tracked defendant to the local mall, where they saw him conversing with a pawn shop employee. After defendant left, police interviewed the employee and discovered that defendant sold the shop, among other things, an inscribed ring that had been taken during one of the reported burglaries.

This information was sufficient to support the reasonable belief that defendant was perpetrating these crimes and that evidence of the burglaries would be located on his person, in his vehicle and/or in his apartment (*see People v Anderson*, 149 AD3d 1407, 1408 [2017]; *People v Pasco*, 134 AD3d 1257, 1258 [2015]). Furthermore, even if defendant is correct in contending that the failure to record the oral request by the police to

change the second warrant violated CPL 690.36, this error does not require suppression of the physical evidence seized as a result of the second warrant. The misstatement of the apartment number on the second warrant "did not impair the ability of the police to readily ascertain and identify the target premises with reasonable and minimal effort" (*People v Mitchell*, 57 AD3d 1232, 1233 [2008], *lv denied* 12 NY3d 760 [2009]; *see People v Salgado*, 57 NY2d 662, 663 [1982]; *People v Gramson*, 50 AD3d 294, 295 [2008], *lv denied* 11 NY3d 832 [2008]). Regardless, any invalidation of the second warrant caused by the misidentification of defendant's apartment would be partial and would not require suppression of the weapon that was located in defendant's vehicle (*see People v Hansen*, 38 NY2d 17, 21 [1975]; *People v Allen*, 101 AD3d 1491, 1491-1492 [2012], *lv denied* 21 NY3d 1013 [2013]). Further, the second warrant, absent any amendment, allowed for a search of defendant's entire vehicle.* That warrant was issued for the purpose of searching for stolen goods, and therefore the police were authorized to search any compartment of the vehicle that could have contained such items, which included defendant's glove compartment (*see People v Brown*, 96 NY2d 80, 90 [2001]). Regardless of whether the firearm was specified in the second warrant prior to the amendment, the police were entitled to "seize incriminating evidence in plain view if they had the right to be where they were when they saw it" (*People v Velasquez*, 110 AD3d 835, 835 [2013], quoting *People v Brown*, 96 NY2d at 88). In this instance, the incriminating character of the firearm would have been immediately apparent to the police, who knew that defendant was on parole at the time (*see People v Velasquez*, 110 AD3d at 836; *People v Woods*, 303 AD2d 1031, 1031-1032 [2003]; 9 NYCRR 8003.2 [i]). Thus, there is a high degree of probability that the firearm would have inevitably been discovered and properly seized in executing the second search warrant, regardless of the amendment (*see People v Ladd*, 16 AD3d 972, 973 [2005], *lv denied* 5 NY3d 764 [2005]; *People v Speicher*, 244 AD2d 833, 834-835 [1997]). Accordingly, any error based on a failure to record the oral request to amend the second warrant does not require suppression (*see People v Sherwood*, 79 AD3d 1286, 1288 [2010]; *People v Dominique*, 229 AD2d 719, 719 [1996], *affd* 90 NY2d 880 [1997]). Defendant's remaining contentions have been reviewed and are without merit.

Garry, Lynch, Rose and Devine, JJ., concur. Ordered that the judgment is affirmed.

---

* Defendant does not contend that the scope of the warrant was overbroad.