Lynch, J.
 

 Appeal from a judgment of the County Court of Tompkins County (Rowley, J.), rendered March 18, 2015, convicting defendant upon his plea of guilty of the crime of criminal possession of stolen property in the fourth degree.
 

 In February 2014, defendant was identified as a suspect in a series of burglaries in Tompkins County, and local law enforcement officials obtained two warrants—one to place a tracking device on defendant’s vehicle and the other to search defendant’s person, residence and vehicle. After those warrants were executed, defendant was charged in a two-count indictment with criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree (hereinafter the first indictment) and, thereafter, was charged in a separate indictment with one count of criminal possession of stolen property in the fourth degree (hereinafter the second indictment). In the context of the first indictment, County Court rejected defendant’s challenge to the validity of the warrants and denied defendant’s motion to suppress, among other things, the physical evidence seized.
 

 In November 2014, a plea agreement was proposed with respect to the second indictment, and defendant thereafter pleaded guilty to both counts in the first indictment (People v Brooks, 152 AD3d 1084 [2017]) and to the one count in the second indictment—with the understanding that the sentences imposed thereunder would run concurrently with each other and consecutively to any undischarged term of imprisonment. In context of his plea to the second indictment, defendant also executed a detailed written waiver of the right to appeal. Defendant thereafter was sentenced—insofar as is relevant here—to a prison term of 2 to 4 years upon his conviction of criminal possession of stolen property in the fourth degree. Defendant now appeals, contending only that he was denied the effective assistance of counsel.
 

 We affirm. To the extent that defendant’s ineffective assistance of counsel claim impacts upon the voluntariness of his plea, such claim survives defendant’s unchallenged waiver of the right to appeal but is unpreserved for our review absent evidence of an appropriate postallocution motion (see People v Dubois, 150 AD3d 1562, 1563-1564 [2017]; People v Williams, 150 AD3d 1549, 1551 [2017]). In any event, defendant’s argument, which is grounded upon trial counsel’s decision to permit defendant to plead guilty to the second indictment without awaiting a decision on his suppression motion, is lacking in merit. Although it is unclear whether County Court formally decided defendant’s suppression motion—insofar as it pertained to the second indictment—prior to accepting defendant’s plea thereto, the record nonetheless reflects that County Court expressly advised defendant during the course of the plea colloquy that it did not find either the challenged warrants or the resulting searches to be unlawful. Hence, contrary to appellate counsel’s present assertion, defendant was apprised of the viability of his suppression motion prior to pleading guilty, and trial counsel cannot be faulted for failing to further “pursue a motion that had little or no chance of success” (People v Gerald, 153 AD3d 1029, 1031 [2017]).
 

 McCarthy, J.P., Rose, Clark and Pritzker, JJ., concur.
 

 Ordered that the judgment is affirmed.