People v Schaefer (2018 NY Slip Op 05235)





People v Schaefer


2018 NY Slip Op 05235


Decided on July 12, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 12, 2018

109988

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
KEVIN P. SCHAEFER, Appellant.

Calendar Date: June 8, 2018

Before: McCarthy, J.P., Egan Jr., Lynch, Clark and Pritzker, JJ.


Cooper Erving & Savage LLP, Albany (Phillip G. Steck of counsel), for appellant.
Susan J. Mallery, District Attorney, Schoharie (Michael L. Breen of counsel), for respondent.



MEMORANDUM AND ORDER
Lynch, J.
Appeal from a judgment of the County Court of Schoharie County (Bartlett III, J.), rendered October 11, 2017, convicting defendant upon his plea of guilty of the crime of criminal possession of a weapon in the third degree.
In late June 2015, the State Police commenced an investigation into injuries, including a traumatic head injury, sustained by an eight-year-old child following an incident near defendant's residence where the child became unresponsive while in defendant's care. Two weeks later, the police obtained a search warrant, which authorized a search of defendant's residence, person and property for, among other things, any belongings and personal effects of the child, any items of evidence that may contain bodily fluids that would identify the person(s) who caused the child's injuries, and blunt objects or other items that could have caused the child's injuries. The search warrant described the property as having two house trailers and three cottages and included any lockboxes, safes and containers found therein. Police executed the search warrant and seized, among other things, an illegal assault rifle from a locked gun safe in the second trailer. Defendant was thereafter charged by indictment with reckless endangerment in the first degree, reckless assault of a child by a day-care provider, criminal possession of a weapon in the third degree and endangering the welfare of a child.
Defendant moved to suppress any physical evidence seized from him, including the [*2]assault rifle, contending that his Fourth Amendment rights were violated because the search warrant was not supported by probable cause and the search exceeded the scope of the warrant. Following a hearing, County Court denied the motion. Defendant subsequently entered an Alford plea to criminal possession of a weapon in the third degree. As part of the plea agreement, defendant retained his right to appeal and specifically reserved his right to challenge the denial of his suppression motion (see CPL 710.70 [2]). In accordance with the plea agreement, County Court sentenced defendant to 60 days of incarceration followed by five years of probation [FN1]. Defendant now appeals, and we affirm.
Defendant's sole contention is that County Court improperly denied his suppression motion. Initially, insofar as defendant challenges the validity of the search warrant by arguing that the magistrate acted as a rubber stamp in issuing the warrant, we find that this argument is unpreserved (see CPL 470.05 [2]) and, in any event, without merit. Furthermore, we agree with County Court that the challenged search warrant was supported by probable cause and that the search did not exceed the scope of the warrant [FN2]. "A search warrant approved by a magistrate is presumed valid and will be upheld if the warrant application demonstrates that there was sufficient information to support a reasonable belief that evidence of a crime may be found in a certain place" (People v Brooks, 152 AD3d 1084, 1086 [2017] [internal quotation marks and citations omitted]; see People v Bigelow, 66 NY2d 417, 423 [1985]; People v McCulloch, 226 AD2d 848, 849 [1996], lv denied 88 NY2d 1070 [1996]).
The sworn written application submitted by State Police Investigator Thomas Cioffi provided that, on June 29, 2015 while defendant was caring for the child near his residence, the child became unresponsive. Upon evaluation by medical professionals, it was determined that the child sustained a life-threatening subdural hematoma, among other injuries. The emergency room staff at Albany Medical Center contacted the State Police to make a mandated report of suspected child abuse, indicating that the victim was suffering from, among other things, internal injuries, lacerations, bruises and inadequate guardianship. During their investigation, State Police personnel conducted interviews of physicians at Albany Medical Center, with one physician opining that no natural causes of subdural hematoma were detected and that the injury was caused by trauma. Other interviews determined that the child had exclusively been under the care and control of his mother and defendant since June 8, 2015. Furthermore, the investigation developed contradictory information with respect to what occurred on the day of the incident, as well as inconsistencies as to the care and guardianship of the child. At the hearing, one of the investigators testified that, before the search warrant was issued, defendant voluntarily showed him around the property and indicated that he was working on the second trailer for use by visiting family and friends. We conclude that this information was sufficient to support a reasonable conclusion that evidence of a crime may be found within any of the structures located on the property (see People v Bigelow, 66 NY2d at 423; People v Pasco, 134 AD3d 1257, 1258 [2015]; People v Rogers, 94 AD3d 1246, 1247-1248 [2012], lv denied 19 NY3d 977 [2012]; [*3]People v McCulloch, 226 AD2d at 849). We further conclude that the search of the second trailer did not exceed the scope of the search warrant, for the warrant expressly included the second trailer and, as the record shows and defendant concedes in his brief, he had access to and control over the second trailer.
McCarthy, J.P., Egan Jr., Clark and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.



Footnotes

Footnote 1:We note that County Court granted a 90-day stay at sentencing, but the record is otherwise unclear as to whether that stay was extended.

Footnote 2:To the extent that this issue is before us, we agree with County Court's implicit conclusion that defendant has standing to challenge the search of the second trailer.