People v Brown

2026 NY Slip Op 02168

April 9, 2026

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, Respondent,

v

Dennis Brown, Appellant.

Decided and Entered:April 9, 2026

113166

Calendar Date: February 18, 2026

Before: Reynolds Fitzgerald, J.P., Ceresia, Fisher, Powers And Mackey, JJ.

Kelly L. Egan, Rensselaer, for appellant.

Mary Pat Donnelly, District Attorney, Troy (Melissa K. Swartz of Cambareri & Brenneck, Syracuse, of counsel), for respondent.

[*1]

Mackey, J.

Appeal from a judgment of the County Court of Rensselaer County (Jennifer Sober, J.), rendered August 19, 2021, convicting defendant upon his plea of guilty of the crimes of criminal possession of a weapon in the second degree and criminal possession of a firearm.

In July 2020, defendant was charged by indictment with criminal possession of a weapon in the second degree and criminal possession of a firearm. The charges stemmed from a traffic stop related to multiple separate interactions, all of which occurred on one day in April 2020, between defendant and his ex-girlfriend (hereinafter the victim). At first, the victim made an in-person report to the Troy Police Department that defendant had kicked in the door to her residence. An hour and a half after the complaint was finalized and the victim had left the station, she called the police department to report that defendant had just pointed a gun at her, so patrol officers were dispatched to her residence. Shortly thereafter, an individual matching the description of the suspect, in the vehicle in which he had allegedly fled and in the approximate reported location, was observed by patrol officers, who then initiated a traffic stop. Defendant and the driver cooperated and exited the vehicle, at which time a handgun was recovered from under the passenger side seat where defendant had been sitting. Defendant was thereafter arrested.

Following indictment, defendant moved to suppress all evidence obtained as a result of the traffic stop on the basis that the stop and subsequent search of the vehicle were unlawful. A hearing was held and County Court denied the motion. Defendant ultimately pleaded guilty to both counts of the indictment and, pursuant to the terms of the plea agreement, was sentenced to a prison term of 6½ years, to be followed by five years of postrelease supervision, for the conviction of criminal possession of a weapon in the second degree and a concurrent prison term of 1½ to 3 years for the conviction of criminal possession of a firearm.FN1 Defendant appeals.

Defendant contends that the traffic stop was constitutionally invalid and, thus, that County Court erred in denying his motion to suppress. "Automobile stops are lawful only when based on probable cause that a driver has committed a traffic violation; when based on a reasonable suspicion that the driver or occupants of the vehicle have committed, are committing, or are about to commit a crime; or, when conducted pursuant to nonarbitrary, nondiscriminatory, uniform highway traffic procedures" (People v Hunter, 219 AD3d 975, 978 [3d Dept 2023] [internal quotation marks and citations omitted]; see People v Smith, 237 AD3d 1367, 1374 [3d Dept 2025], lv denied 43 NY3d 1059 [2025]). Pertinent here, "[r]easonable suspicion is that quantum of knowledge sufficient to induce an ordinarily prudent and cautious person under the circumstances to believe criminal activity is at hand" (People v Graham, 233 AD3d 1361, 1366 [3d Dept 2024] [internal [*2]quotation marks and citations omitted], lv denied 43 NY3d 944 [2025]; see People v Vieweg, 155 AD3d 1305, 1306 [3d Dept 2017], lv denied 30 NY3d 1121 [2018]). "A suppression court's factual determinations are entitled to great weight, and generally will not be disturbed absent a basis in the record for finding that the court's resolution of credibility issues was clearly erroneous" (People v Calafell, 211 AD3d 1114, 1119 [3d Dept 2022] [internal quotation marks and citations omitted], lv denied 39 NY3d 1077 [2023]).

At the suppression hearing, a responding officer testified that he received information that the suspect, a black male wearing all black clothing, reportedly threatened the victim with a firearm at her residence and then left the scene in a gold-colored vehicle, heading north on Seventh Avenue near Douw Street in the City of Troy, Rensselaer County. The officer was approximately six blocks away from the victim's residence when, moments later, he saw defendant, who matched the suspect's description. He was in a vehicle that matched that described by the victim, heading in the direction and on the route that she had just reported. On this basis, the officer initiated the traffic stop. Inasmuch as a police officer is "entitled to act on the strength of a radio bulletin from a fellow officer or department and to assume its reliability" (People v Hunter, 219 AD3d at 978 [internal quotation marks, ellipsis and citation omitted]), and as County Court implicitly found the foregoing testimony to be credible, we are satisfied that there was a reasonable suspicion that defendant had committed a crime so as to justify the stop (see People v Smith, 237 AD3d at 1375; People v Hunter, 219 AD3d at 978-979; People v Calafell, 211 AD3d at 1119; People v Vieweg, 155 AD3d at 1307-1308).

To the extent that defendant challenges the warrantless search of the vehicle, under the plain view doctrine, "the police [are] entitled to seize incriminating evidence in plain view if they had the right to be where they were when they saw it" (People v Brooks, 152 AD3d 1084, 1087 [3d Dept 2017] [internal quotation marks and citations omitted]; see People v Suprunchik, 239 AD3d 1055, 1056-1057 [3d Dept 2025]). County Court credited the responding officer's testimony that, after the driver and defendant exited the vehicle as instructed, the passenger side door was left open and the "black grips to a handgun" were visible under the front passenger seat. Given the lawful traffic stop, and as the handgun was readily visible and its incriminating nature apparent, defendant's motion seeking to suppress the handgun and related testimony was properly denied (see People v Spradlin, 188 AD3d 1454, 1457-1458 [3d Dept 2020], lv denied 37 NY3d 960 [2021]; People v Brooks, 152 AD3d at 1087).

Finally, defendant's ineffective assistance of counsel claim, to extent that it impacts upon the voluntariness of his plea, is unpreserved in the absence of an appropriate postallocution motion ([*3]see People v Lunt, 232 AD3d 1054, 1055 [3d Dept 2024], lv denied 43 NY3d 1010 [2025]; People v Ulmer, 226 AD3d 1259, 1260 [3d Dept 2024], lv denied 42 NY3d 930 [2024]). "[D]efendant made no statements during the plea allocution that triggered the narrow exception to the preservation rule" (People v Gorman, 165 AD3d 1349, 1349 [3d Dept 2018], lv denied 32 NY3d 1125 [2018]; see generally People v Rios, ___ NY3d ___, ___, 2026 NY Slip Op 00963, *3 [2026]). To the extent that defendant's ineffective assistance claims concern matters outside the record — including his assertion that counsel failed to pursue a CPL 30.30 speedy trial claim where the People allegedly failed to disclose certain photographic evidence — they are more properly the subject of a CPL 440.10 motion (see People v Lewis, 234 AD3d 1209, 1210 [3d Dept 2025], lv denied 43 NY3d 1009 [2025]; People v Ulmer, 226 AD3d at 1260).

Reynolds Fitzgerald, J.P., Ceresia, Fisher and Powers, JJ., concur.

ORDERED that the judgment is affirmed.

Footnotes

Footnote 1: Defendant did not waive his right to appeal.